E-FILED
Thursday, 03 April, 2008 01:30:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 00-CR-20057 |
| ) | |
| **MARCUS McKINNEY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

On March 21, 2001, a sentencing hearing was held and Defendant, Marcus McKinney, was sentenced to a term of 130 months in the Federal Bureau of Prisons for a crack cocaine offense. On February 12, 2008, Defendant filed a pro se Motion to Reduce Sentence (#25) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. On February 12, 2008, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant.

On March 6, 2008, Jonathan E. Hawley of the Federal Public Defender's office filed a Motion to Withdraw as Counsel (#26). In his Motion, Defendant's counsel stated that he had thoroughly reviewed Defendant's case and concluded that he is ineligible for a reduction because he was sentenced as a career offender and it was the career offender guideline and not the crack cocaine guideline which determined Defendant's guideline sentencing range. Defendant's counsel therefore asked to be allowed to withdraw as counsel and asked that Defendant be allowed to proceed pro se.

On March 11, 2008, this court entered an Order (#27). This court noted that a reduction in sentence cannot be granted where the amendment does not have the effect of lowering the defendant's applicable guideline range because he was sentenced based upon the career offender guideline. This court then granted Defendant's counsel's motion to withdraw and allowed Defendant to pursue the matter pro se. This court allowed Defendant 28 days to file a pleading that either (a) concedes that the

amendment does not apply because he was sentenced based upon the applicable career offender guideline, or (b) explains why the amendment applies in spite of the fact that his sentence was based upon the applicable career offender guideline.

On April 2, 2008, Defendant filed a pro se Response to Court's Order (#28). Defendant stated that he was seeking additional time to respond and that what he really wanted was to dismiss his motion without prejudice so that he could refile it at a later date. Defendant also stated that he was asking to be treated fairly. Defendant asked this court to consider the fact that he has completed numerous classes and has had no incidents in prison and the fact that he provided a great deal of assistance to the Government.

This court has carefully reviewed the record in this case and Defendant's Response. Following this careful review, this court agrees with Defendant's counsel that, because Defendant was sentenced based upon the applicable career offender guideline range rather than the crack cocaine guideline range, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Reduce Sentence (#25) is DENIED.

(2) Defendant's request that his motion be dismissed without prejudice is therefore MOOT.

(3) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 3rd day of April, 2008

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE